| | |
|---|---|
| **From:** | William C. "Bill" Brabec <Bill.Brabec@arlaw.com> |
| **Sent:** | Monday, April 26, 2021 1:54 PM |
| **To:** | Sarah Beth Wilson |
| **Cc:** | Jim Quinn; 'dammann@peoplesbank-ms.com'; Timothy J. Anzenberger |
| **Subject:** | RE: Response to Correspondence From Counsel; Participation Agreements Between Origin Bank and Each Participant Bank, Terms (Origin Bank v. Haven Campus Communities-Starkville, LLC, Guarantors) [Attachments] |

Sarah Beth --

This will acknowledge receipt of your email of April 23, 2021, at 6:06 p.m. In light of Origin's position set forth below, my clients are in the process of evaluating their options in consultation with the other participating banks. It might be a few days before I can get back with you. In the meantime, please do not take this or any delay in providing a substantive response as acquiesce in or an agreement with the manner in which Origin is handling this matter or anything contained in your email below.

Thank you,

Bill

**From:** Sarah Beth Wilson <sarah.beth.wilson@phelps.com>
**Sent:** Friday, April 23, 2021 6:06 PM
**To:** 'Eric A. Miller' <emiller@planters-bank.com>; 'rstrawbridge@planters-bank.com' <rstrawbridge@planters-bank.com>; 'charliec@firstbankms.com' <charliec@firstbankms.com>; William C. "Bill" Brabec <Bill.Brabec@arlaw.com>; 'Michael" <modom@mcglinchey.com>; 'dammann@peoplesbank-ms.com' <dammann@peoplesbank-ms.com>; 'mtolleson@pb-ms.com' <mtolleson@pb-ms.com>; 'eshaffer@eshaffer-law.com' <eshaffer@eshaffer-law.com>; 'Dennis Horn Shirley Payne' <hornpayne@gmail.com>; 'bjones@southpoint.bank' <bjones@southpoint.bank>
**Cc:** 'svansickle@bankmontgomery.com' <svansickle@bankmontgomery.com>; 'kmiller@bankmontgomery.com' <kmiller@bankmontgomery.com>; Bryan Burgess <bburgess@origin.bank>; Danielle Mashburn-Myrick (8202) <Danielle.Mashburn-Myrick@phelps.com>
**Subject:** Response to Correspondence From Counsel; Participation Agreements Between Origin Bank and Each Participant Bank, Terms (Origin Bank v. Haven Campus Communities-Starkville, LLC, Guarantors) [Attachments]
**Importance:** High

Bill,

Origin has not entered into any agreement with the defendants. What was struck at prior to the original set time for the hearing on Tuesday was an agreement for a 1x continuance of the hearing set at Origin's request on Origin's motion for entry of a TRO and preliminary injunction, which continuance was requested by the defendants' counsel for purposes of changing their intended venue for filing of a Chapter 11 petition by Haven-Starkville from Atlanta, Georgia, where the defendants' counsel had prepared for filing of a petition prior to the start-time of the TRO hearing set for yesterday, to Starkville, Mississippi, which is the preferred venue for any bankruptcy filing by Haven-Starkville in Origin's judgment for reasons which include the location of our real property collateral, our borrower's operations and tenants, the location and venue of the pending boundary-line dispute in chancery court concerning our real property collateral, and the location of all of you, your clients, and Origin. Origin agreed to the continuance request upon agreement by the defendants to pay the full amount required to redeem the property from the tax sale for 2018 tax obligations (just under $500k, which must be paid no later than August's-end 2021) – to the benefit of all participants – prior to filing of any

1

**EXHIBIT "E"**

Chapter 11 petition, and the hearing was reset by agreement and approval by the Court to occur on the morning of May 17.

The participation agreements entered into by each of your clients with Origin are plain and clear, both in language and in meaning, as to Origin's holding of all rights to determine which remedies are exercised, which claims are made, and which enforcement measures are taken, and when, and where, following a default not cured such as the one in issue here following final maturity, and also as to it being within Origin's discretion and ability to exercise remedies and take enforcement and collection measures pursuant to and in respect of the loan documents and guaranty agreements and all rights, claims and interests conferred thereby. [*See* Participation Agreements (copies attached for ease of reference), paragraph nos. 14 ("… Seller shall be entitled, at its option, and without the consent of Purchaser from time to time and at any time, to exercise any rights or remedies under or in respect of any Loan Document, or refrain from exercising any right or remedy, upon the occurrence of a default under the Loan Documents or at any other time"), 15, 16 ("…Seller shall determine whether, and in what manner and to what extent, any and all rights and remedies of Seller under the Loan Documents be exercised, and the subsequent management and disposition of any collateral"), and 17.] Each participant agreed by the terms of its participation agreement that all such discretion and ability to enforce and exercise under and with respect to the loan documents and guaranty agreements would rest solely with Origin at all times for all purposes. [*See* Participation Agreements, paragraph no. 9 ("Purchaser hereby agrees that it shall not have any right or responsibility to enforce the obligations of Borrower or any other party under the Loan Documents" and that "all rights pursuant to the Loan Documents (or otherwise) of Seller to secure or enforce payment of the obligations of Borrower, or any Guarantor under the Loan Documents shall be so held (and such rights shall be exercised solely by and at the option of Seller) for the pro rata benefits of Seller and Purchaser"). The participants are each entitled by the terms to share pro rata in the benefits of such efforts and are also responsible by their pro rata shares for the expenses incurred by Origin in the process, including as to amounts incurred by Origin in attorneys' fees, costs and expenses, and any amounts expended for preservation and protection of rights and interests in collateral such as for payment of property tax obligations. [*See* Participation Agreements, paragraph no. 7 (defining covered expenses and providing for the obligation of each participant to promptly pay its participation share of all upon demand); *see also* paragraph nos. 4, 5 and 6 (addressing rights and obligations related to participant payment of expense shares), and 25).]

The district court suit initiated by Origin seeking entry of a judgment against the borrower and guarantors is, of course, an exercise by Origin of a remedy to enforce rights, claims, and interests pursuant to and in respect of the loan documents and guaranty agreement following the borrower's default at final maturity which was not cured and the guarantors' default by failure to pay and satisfy the amounts owed upon demand. The motion filed by Origin for a TRO and preliminary injunction, and the summary judgment motion filed by Origin for entry of a judgment against the defendants in that suit, are also exercises of remedies available to Origin to seek enforcement and collection of rights, claims, interests and indebtedness owed under the loan documents and guaranty agreement. Moreover, in the event of a bankruptcy petition filing by the borrower, the right to determine and to exercise measures through legally available procedural means within the confines of the Code and other available remedies and rights by virtue of Origin's status as a secured creditor with a first-priority lien upon and security interest in the effective single-asset of the operating entity and all operating revenues in pursuit of protection and enforcement of the rights, claims and interests with respect to the borrower and under the loan documents will also be within the discretion of Origin.

To the extent that you may have a differing opinion concerning the execution of legal rights, remedies, claims, and enforcement measures, such is your prerogative; and to the extent that your clients have determined that your actions and burgeoning interference with Origin's efforts to protect and enforce rights and interests under the loan documents and guaranty agreement are of benefit to your clients, such is their prerogative. What remains true, however, and unaffected by such prerogatives, are the rights of each of our respective clients pursuant to the terms and conditions agreed upon between them by the participation agreements, and the rights of Origin under the terms and conditions of the loan documents and guaranty agreement, and with respect to the collateral pledged to secure repayment of those obligations, and that Origin is and has at all times acted in its discretion and in good faith with the goal of achieving the best outcome possible for the collective under the circumstances we are presented with.

Please advise concerning (a) why your below opinion was not shared during one of the several conversations we had in person at the courthouse, both before and after the terms for the continuance agreement referenced above were reached and the Court was apprised of same, (b) in what manner you imagine as indicated by your correspondence below that paragraph 14 of your clients' participation agreements may have in some or any respect required consent of 75% or more participant interests as to what motions are filed by Origin in this action and when they are heard, and (c) what your clients would or would not have consented to should they have that right as it concerns Origin's exercises of remedies (which they do not, under the plain terms of their agreements with Origin). To reiterate as has been echoed repeatedly throughout the correspondence exchanged related to this matter, Origin only wants what is best for the group, and has endeavored not only to act diligently to protect and enforce its rights and interests, but to ensure that the opinions of the group insofar as they have been offered are considered and taken into account when and where possible, so long as those opinions are consistent with what Origin determines in good faith to be in the best interests of all participants. To this end, we ask that participants and their counsel endeavor to ensure that any issues they feel compelled to relay or address be raised promptly and be stated plainly, so that we may efficiently address it, whatever it may be, to the extent we are able within the bounds of the agreements binding each of our clients, and so that Origin may then return promptly to productive progression as to the defendants and our collateral as is in our collective best interest.

Respectfully,

**Sarah Beth Wilson**
Partner
Board Certified - Business Bankruptcy Law - American Board of Certification
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS  39211
Direct: 601-360-9706
Fax: 601-360-9777
Email: sarah.beth.wilson@phelps.com

# phelps

CONFIDENTIALITY NOTICE - This e-mail message, including any attachments, is private communication sent by a law firm, Phelps Dunbar LLP, and may contain confidential, legally privileged information meant solely for the intended recipient. If you are not the intended recipient, any use, distribution, or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message, then delete the e-mail and any attachments from your system. Thank you.

**From:** William C. "Bill" Brabec <Bill.Brabec@arlaw.com>
**Sent:** Tuesday, April 20, 2021 3:54 PM
**To:** Sarah Beth Wilson <sarah.beth.wilson@phelps.com>
**Cc:** 'dammann@peoplesbank-ms.com' <dammann@peoplesbank-ms.com>; Jim Quinn <jquinn@planters-bank.com>; 'Dennis Horn Shirley Payne' <hornpayne@gmail.com>; 'Michael" <modom@mcglinchey.com>; Eileen Shaffer <eshaffer@eshaffer-law.com>; Timothy J. Anzenberger <Tim.Anzenberger@arlaw.com>
**Subject:** Origin v. Haven and Guarantors

Sarah Beth –

Without the prior knowledge or consent of any of the participating banks Origin and the borrower/guarantors purported to reach some sort of compromise in lieu of going forward with the TRO. You and Doug Noble briefly outlined to those of us present at the courthouse some of the terms after the agreement was generally announced to the court, but to date the entire agreement has neither been provided to the participants nor have 75% consented to it. We believe that many of those terms are governed by the terms of Paragraph 14 of the Participation Agreement, which requires 75% of the participants to consent.

On behalf of Peoples Bank and Planters Bank, representing 33% of the loan, please be advised that we do not consent to the agreement, at least in the form as announced in the courthouse.

Once we see the entire agreement, we may reconsider, but for now Origin does not have the required 75%.

Regards,

Bill



**William C. "Bill" Brabec**
Partner

# ADAMS AND REESE LLP

1018 Highland Colony Parkway, Suite 800 | Ridgeland, MS 39157
**Main** 601.353.3234   **Direct** 601.292.0703   **Mobile** 601.955.6071
**eFax** 601.944.9030   **Fax** 601.355.9708

**bill.brabec@arlaw.com**

Website   Bio   vCard   Map

View our COVID-19 resources.

**From:** Odom, Michael <modom@mcglinchey.com>
**Sent:** Tuesday, April 20, 2021 4:25 PM
**To:** William C. "Bill" Brabec <Bill.Brabec@arlaw.com>; Sarah Beth Wilson <sarah.beth.wilson@phelps.com>
**Cc:** 'dammann@peoplesbank-ms.com' <dammann@peoplesbank-ms.com>; Jim Quinn <jquinn@planters-bank.com>; 'Dennis Horn Shirley Payne' <hornpayne@gmail.com>; Eileen Shaffer <eshaffer@eshaffer-law.com>; Timothy J. Anzenberger <Tim.Anzenberger@arlaw.com>; Masley, Stephen T. <smasley@mcglinchey.com>; Bill Jones <BJones@southpoint.bank>
**Subject:** RE: Origin v. Haven and Guarantors

Sarah Beth,

SouthPoint Bank is in agreement with Peoples Bank and Planters Bank. SouthPoint Bank, as an owner of a 22% interest in the loan, does not consent to the proposed agreement with the borrower and guarantors regarding the TRO as outlined to the court today.

Michael

Michael B. Odom
Attorney at Law



modom@mcglinchey.com
505 20th St N, Ste 800, Birmingham, AL 35203
T (205) 725-6411  F (205) 278-6904

bio | vCard | mcglinchey.com

4



Alabama California Florida Louisiana Massachusetts Mississippi New York Ohio Tennessee Texas Washington, DC

**From:** Dennis Horn Shirley Payne <hornpayne@gmail.com>
**Sent:** Tuesday, April 20, 2021 6:02 PM
**To:** William C. Bill Brabec <Bill.Brabec@arlaw.com>
**Cc:** Sarah Beth Wilson <sarah.beth.wilson@phelps.com>; dammann@peoplesbank-ms.com; Jim Quinn <jquinn@planters-bank.com>; Michael' <modom@mcglinchey.com>; Eileen Shaffer <eshaffer@eshaffer-law.com>; Timothy J. Anzenberger <Tim.Anzenberger@arlaw.com>
**Subject:** Re: Origin v. Haven and Guarantors

First bank concurs with Brabec, et al. Dennis Horn

## Horn & Payne, PLLC
P.O. Box 2754
Madison, MS 39130
Physical address:
1300 Hwy 51
Madison, MS 39110
601.853.6090
Fax: 601.853.2878
hornpayne@gmail.com

CONFIDENTIALITY NOTICE: The contents of this email and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply email or by calling 601 853 6090 and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.